IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-216-BO

| | | |
|---|---|---|
| SUNLAND BUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CLEVELAND CONSTRUCTION, INC. and | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on defendants' motion for partial summary judgment. [DE 22]. Plaintiff has responded [DE 24], defendant has replied [DE 25], and the matter is ripe for ruling. For the following reasons, defendants' motion is denied.

BACKGROUND

This case concerns the construction of a Wal-Mart Neighborhood Market in Newport, North Carolina. Movant defendant Cleveland Construction, Inc. (CCI) was the general contractor of the project. Between November 11, 2013, and December 4, 2013, CCI exchanged emails with plaintiff, Sunland Builders, Inc. (Sunland), about subcontracting for work on the project, including site clearing, erosion control, grading, storm drainage, pavement, curb, and gutter. On December 4, 2013, Sunland sent a bid estimating a cost of completion of $597,300.00. [DE 1-1]. That day, CCI employee Jason Ziegler acknowledged the bid and sent Sunland an email authorizing Sunland to proceed with the work (the "Notice to Proceed."). [DE 23-5].

In this December 4 email, Mr. Ziegler of CCI referred to an attached "blank sample copy of our subcontract agreement," adding that the formal subcontract agreement would be modified to include specific information and would be sent to Sunland at a later date. *Id.* Sunland began

work on the project almost immediately. Over a month later, on January 8, 2014, CCI claims it sent "the same contract form that had been previously sent on 4 December 2013, customized for this particular Project." [DE 23]. Sunland agrees that "Defendant Cleveland ultimately attempted to have Sunland sign a subcontract form after issuing the notice to proceed." [DE 24]. Sunland objected to the subcontract and refused to sign after being told CCI would not accept any changes. Plaintiff continued work on the project despite never signing the subcontract form.

Ultimately, Sunland worked on the project from December 2013 through April 2014. CCI contends Sunland fell short of its obligations in several ways, and Sunland contends it completed its required work and more but was not properly compensated by CCI. Plaintiff filed a lien on the project on May 1, 2014, which CCI had discharged through a bond from defendant Federal Insurance Company. On October 22, 2014, Sunland filed suit in Carteret County Superior Court, stating four claims: (1) breach of contract against CCI; (2) restitution/quantum meruit/unjust enrichment against all defendants; (3) foreclosure of liens against bond against Federal Insurance Company; and (4) unfair and deceptive trade practices under North Carolina law against CCI. [DE 1-1]. Defendants removed to federal court on November 21, 2014. [DE 1]. Defendant CCI filed an answer and counterclaim against Sunland on November 25, 2014, for (1) breach of contract and (2) fraud in the inducement. [DE 10]. On September 30, 2015, defendants filed the instant Motion for Partial Summary Judgment on plaintiff's first, second, and fourth claims, as well as defendant's first counterclaim. [DE 22].

## DISCUSSION

I.    Legal Standard

Summary judgment is proper only when, viewing the facts in the light most favorable to

the non-moving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Cox v. Cty. of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). An issue is "genuine" if a reasonable jury, based on the evidence, could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cox*, 249 F.3d at 299. In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## II.     Sunland's Breach of Contract Claim—Claim One

A genuine issue of material fact exists as to Sunland's breach of contract claim, so summary judgment is inappropriate. As a preliminary matter, the Court notes that defendant did not include argument on this point beyond asserting that the subcontract form sent in January 2014—but never signed by Sunland—constitutes the controlling subcontract in the case.

There is a genuine issue of material fact as to this claim. Though both parties claim that they had a binding subcontract, the parties disagree on the terms of that contract. Sunland argues that the subcontract consisted of the terms in its December 4, 2013, proposal and the responsive Notice to Proceed from CCI. CCI contends that the contract was the January 2014 formal subcontract that was sent to but never signed by Sunland. On the facts before the court, it is

3

possible that the non-moving party is correct. Thus, there is a question of fact as to whether an agreement actually existed and what the terms of that agreement were, which makes this claim inappropriate for summary judgment. *See Charbonnages de France v. Smith*, 597 F.2d 406, 415 (4th Cir. 1979) ("While there may of course be situations in which the manifestations of intention of both parties to be bound, or of either not to be bound, are so unequivocal as to present no genuine issue of fact, this will but rarely be so in protracted negotiations involving a 'jumble of letters, telegrams, acts, and spoken words.' *Restatement (Second) of Contracts*, § 21A, Comment a. Ordinarily in such cases, the issue whether there has at any time been the requisite manifestation of mutual assent to a bargained exchange will be one of fact in genuine dispute so as to preclude summary judgment."); *see also Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1111–12 (10th Cir. 1991) ("Issues such as whether a contract has been entered into and the terms of the alleged contract are generally questions of fact to be resolved by the fact finder.").

III.    Sunland's Unjust Enrichment Claim—Claim Two

A genuine issue of material fact exists as to Sunland's unjust enrichment claim, so summary judgment is inappropriate. Defendants have moved for summary judgment on the grounds that North Carolina law precludes recovery in quantum meruit when there is an actual agreement between the parties. Plaintiff, however, contends that it can recover in quantum meruit for additional work it completed for the project beyond the original scope of the contract. Assuming, for the sake of this claim, that the parties had an operative contract, then whether plaintiff completed work beyond the scope of that contract and, if so, how much plaintiff should be compensated for that work create genuine issues of material fact which render summary judgment on this claim inappropriate.

4

IV.  Sunland's Unfair and Deceptive Trade Practices Claim—Claim Four

A genuine issue of material fact exists as to Sunland's unfair and deceptive trade practices claim, so summary judgment is inappropriate. Defendants move for summary judgment on the grounds that plaintiff has alleged a mere breach of contract, which is insufficient to give rise to a claim for unfair and deceptive trade practices under North Carolina law. Plaintiff contends, however, that its claim for unfair and deceptive trade practices is based on defendants' "withholding of undisputed sums in a commercially unreasonable effort to compel Sunland to compromise its claims in regard to the disputed claims" and *not* just breach of contract. Whether such commercially unreasonable withholding occurred creates an issue of fact. *See Burns v. Anderson*, 123 Fed. Appx. 543, 546 (4th Cir. 2004) (unpublished) (per curiam) ("As to whether the sale price of the collateral was commercially reasonable, the district court found disputed issues of material fact remained for trial."); *see also Nat'l Hous. P'ship v. Mun. Capital Appreciation Partners, L.P.*, 935 A.2d 300, 314 (D.C. App. 2007) ("Commercial reasonableness is a question of fact.") (citing *Fed. Deposit Ins. Corp. v. Rodenberg*, 571 F.Supp. 455, 461 (D. Md. 1983)). Accordingly, plaintiff has demonstrated that there is a genuine issue of material fact concerning this issue, which renders summary judgment on this claim inappropriate.

V.  CCI's Breach of Contract Claim—Counterclaim One

A genuine issue of material fact exists as to CCI's breach of contract claim, so summary judgment is inappropriate. Defendant has moved for partial summary judgment declaring that there was a valid contract existing between the parties. For the reasons discussed in Section II, *supra*, the Court refuses to make such a declaration at this stage, as there are genuine issues of material fact. Accordingly, summary judgment on this claim is inappropriate as well.

5

## CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment is DENIED.

[DE 22].

SO ORDERED, this **7** day of April, 2016.

*Terence W. Boyle*

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE